SINGLETON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-512-CR

JOHN BYRON SINGLETON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John Byron Singleton appeals from his conviction of capital murder.  In his sole point on appeal, Appellant complains that the trial court erred in refusing to give the jury a limiting instruction on extraneous offense testimony admitted during the trial.  We affirm.  

Background

Only a brief recitation of the facts is necessary.  Appellant was charged with killing Charles Crawford while attempting to rob him.  Crawford drove to the apartment complex where Appellant lived.  When Crawford arrived, Appellant got into Crawford’s car and directed him to the area where the drug exchange would take place.  When Crawford got out of the car, Appellant shot and killed him while attempting to rob him.  Given that the two had only met earlier that day at a doctor’s office, and that their next planned meeting at the apartment complex involved the buying and selling of prescription drugs, the testimony regarding their relationship and the context of the crime was elicited at trial.

Sole Point

In one point, Appellant contends the trial court erred in denying his request for a limiting instruction on extraneous offense testimony admitted during the trial.  Specifically, Appellant complains about testimony concerning the buying and selling of prescription drugs.  Generally, evidence of other crimes, wrongs, or bad acts is not admissible during the guilt/innocence phase of the trial.  
Tex. R. Evid
. 404(b).  However, evidence of extraneous acts is admissible when it constitutes “same transaction contextual evidence.”  
Camacho v. State
, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993).  The purpose for admission is not to show character conformity, but to help the jury better understand the nature of the alleged crime.  
Id
.  The jury has the right to hear evidence concerning events immediately prior to the offense so that it may realistically evaluate the evidence.  
Wesbrook v. State
, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  In addition, same transaction contextual extraneous offense evidence is admitted because in narrating one offense that is intermixed with another offense, it is impracticable to avoid describing the other offense.  
Mayes v. State
, 816 S.W.2d 79, 86-87 n.4 (Tex. Crim. App. 1991); 
Lamb v. State
, No. 01-03-00587-CR, 2004 WL 1472114, at *2 (Tex. App.—Houston [1st Dist.] July 1, 2004, pet. filed) (not designated for publication).  In other words, if narration of the primary offense would make little or no sense without bringing in the other offense, then evidence of the other offense should be admitted.  
Jones v. State
, 962 S.W.2d 158, 165 (Tex. App.—Fort Worth 1998, no pet.).  Thus, same transaction contextual offense evidence illuminates the nature of the crime alleged by imparting to the trier of fact information essential to understanding the context and circumstances of the event.  
Camacho
, 864 S.W.2d at 532. 

In the present case, Appellant was charged with killing Crawford while attempting to rob him.  The State questioned Officer Stacy James on direct examination about how Appellant and Crawford met.  His testimony included information regarding Appellant’s buying and selling prescription drugs.  Defense counsel objected to the testimony and was overruled.  He then requested a limiting instruction, which was denied.

The Texas Court of Criminal Appeals has held that same transaction contextual evidence is admissible without a limiting instruction.  
Castaldo v. State
, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002); 
Wesbrook
, 29 S.W.3d at 114-15; 
Camacho
, 864 S.W.2d at 532, 535.  Given that Appellant and Crawford had just met earlier that day at a doctor’s office, and that their next planned meeting at the apartment complex involved the buying and selling of prescription drugs, the objected-to testimony was relevant to the context in which the crime occurred, and the trial court was not required to give a limiting instruction.  
See Castaldo
, 78 S.W.3d at 352; 
Wesbrook
, 29 S.W.3d at 114-15; 
Camacho
, 864 S.W.2d at 532, 535 
(holding that a limiting instruction is not required when extraneous offense is part of transaction that includes offense on trial).  Any extraneous offense testimony by Officer James regarding the buying and selling of prescription drugs was contextual to the murder of Crawford.  
See Camacho
, 864 S.W.2d at 532.  Therefore, we hold the trial court did not err in denying Appellant’s request for a limiting instruction.   

Conclusion

We overrule Appellant’s sole point and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH  

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 28, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.